UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION – DETROIT

IN THE MATTER OF:

TRENTON LAND HOLDINGS, LLC,      Case No. 10-60990-TJT
    Honorable THOMAS J. TUCKER
  Debtor.     Chapter 11

1491 West Jefferson Avenue
Trenton, MI 48183
16-1658901
_____/

## MOTION TO VACATE THE AUTOMATIC STAY
## AS TO THE WAYNE COUNTY TREASURER

**NOW COMES** the Wayne County Treasurer, by and through its counsel, KILPATRICK & ASSOCIATES, P.C., and moves this Court to vacate the Automatic Stay as it relates to the Wayne County Treasurer ("Treasurer"), and in support thereof states as follows:

1. Creditor, the Wayne County Treasurer, is the tax collecting governmental unit for Wayne County, Michigan. As such, it is the Treasurer's duty to collect property taxes which accrue on real property for the County and various cities within the County.

2. On or about June 29, 2010, the Debtor filed a Voluntary Petition for relief under Chapter 11 of Title 11 of the United States Bankruptcy Code.

3. The Treasurer brings this Motion pursuant to 11 U.S.C. § 362(d) and Fed. R. Bankr. P. 4001 and L.B.R. 4001-1 (E.D.M.). This Court has jurisdiction over this Motion pursuant to 28 U.S.C. § 1334 and this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(G).

**FACTS**

4. Upon information and belief, the Debtor owns certain real property located at 1491 West Jefferson Avenue, Trenton, Michigan ("Property").

5. Upon information and belief, the Property is subject to mortgages held by Sapir Group LLC, Deneb Investments, LLC and Mellissande Limited. The Property may also be subject to liens held

by the Michigan Department of Environmental Quality and the U.S. Environmental Protection Agency, pursuant to the List of Creditors Holding 20 Largest Unsecured Claims filed by the Debtor.

6. As of June 18, 2008, the Debtor entered into a Settlement Agreement with the Wayne County Treasurer to pay $790,200.26 for taxes due for 2005 and prior years on the Property. A copy of the Settlement Agreement is attached as Exhibit A.

7. The Debtor paid the initial $150,000 provided for in the Settlement Agreement, but failed to pay any and all further taxes due and owing.

8. Due to the Debtor's failure to pay the past due taxes, the Treasurer included the Property in the Petition for Foreclosure dated June 15, 2009. A copy of the Petition for Foreclosure and the page of the Schedule referring to the Property is attached hereto as Exhibit B.

9. As of June 15, 2009, the Debtor owed to the Treasurer the delinquent taxes for the 2005, 2006, and 2007 tax years in the amount of $1,229,647.93 pursuant to the Petition for Foreclosure.

10. As of June 15, 2009, the Debtor also owed the Treasurer for the delinquent taxes for 2008 for the Property, which were not eligible for foreclosure.

11. As of July 2, 2010, the total amount of unpaid real property taxes currently due and owing to the Treasurer on the Property is approximately Three Million Seven Hundred Ninety One Thousand Four Hundred Sixty Two and 80/100 Dollars ($3,791,462.80) for the tax years of 2005, 2006, 2007, 2008 and 2009.

12. The amount due and owing to the Treasurer for the 2005, 2006, 2007 and 2008 tax years accrues interest at the rate of one and a half percent (1 ½%) per month or eighteen (18%) per annum and for the 2009 tax year accrues interest at the rate of one percent (1%) per month or twelve percent (12%) per annum pursuant to MCL 211.59.

13. The Treasurer's claims are secured by a lien against the Property, which is superior to all other secured parties' interest in the Property pursuant to MCL 211.40.

14. The Debtor has repeatedly promised to make payments for the delinquent taxes on the Property but has failed to do so and in fact, claims an inability to make payments pursuant to the

Objection to Judicial Foreclosure filed by the Debtor on February 5, 2010. A copy of the Objection to Judicial Foreclosure is attached hereto as Exhibit C.

## ARGUMENT

14. "Cause", as set forth in Section 362(d)(1), includes the determination that a bankruptcy case was filed in bad faith. *In re Laguna Associates Limited Partnership*, 30 F.3d 734, 737 (6th Cir. 1994).

15. Courts have found the following factors meaningful in a determination of whether an reorganizing debtor has filed a Chapter 11 case in bad faith:

    a. The Debtor has one asset;

    b. The pre-petition conduct of the Debtor has been improper;

    c. There are only a few unsecured creditors;

    d. The Debtor's property has been posted for foreclosure, and the Debtor has been unsuccessful in defending against the foreclosure in state court;

    e. The Debtor and one creditor have proceeded to a standstill in state court litigation, and the debtor has lost or has been required to post a bond which it cannot afford;

    f. The filing of the petition effectively allows the Debtor to evade court orders;

    g. The Debtor has no ongoing business or employees; and

    h. The lack of possibility of reorganization.

*Laguna*, 30 F.3d at 738.

16. An analysis of the majority of these factors indicates that the Debtor has filed the instant case in bad faith:

    a. The Debtor appears to have only one asset: the Property.

    b. The Debtor's List of 20 Largest Unsecured Creditors indicates that there are *no* unsecured creditors in this case.

    c. The Property was scheduled for hearing on foreclosure a few days after the case was filed based on the Debtor's failure to make payments to the Treasurer.

    d.  The Debtor was able to proffer no defense to the foreclosure action by the Treasurer other than financial hardship.

    e.  The filing of the bankruptcy case and the imposition of the automatic stay allows the Debtor to evade the foreclosure of the property.

    f.  The Debtor has little or no ability to reorganize. The Debtor is past due to the Treasurer for the 2005, 2006, 2007, 2008 and 2009 taxes.

  17.  As the circumstances surrounding the Debtor and the filing of this case comport with the nearly all of the factors set forth by the Sixth Circuit Court of Appeals, the case was filed in bad faith and, therefore, "cause" has been established to vacate the automatic stay pursuant to Section 362(d)(1).

  18.  "Cause" under 11 U.S.C. § 362(d)(1) is also established through a lack of adequate protection.

  19.  The Treasurer is entitled to adequate protection of its secured interest in the Property pursuant to 11 U.S.C. § 363, since the Debtor continues to use the Property.

  20.  The Debtor has failed to provide adequate protection to the Treasurer.

  21.  The Debtor's failure to provide adequate protection to the Treasurer constitutes "cause" to vacate the Automatic Stay pursuant to 11 U.S.C. § 362(d)(1). The Debtor has failed to make any payment to the Treasurer for some time. The continuation of the automatic stay will irreparably harm the Treasurer.

  22.  11 U.S.C. § 362(d)(2) also provides grounds for relief from the automatic stay. The Debtor does not have equity in the Property and the Property is not necessary for an effective reorganization.

  23.  The Debtor's Schedules have not yet been filed.

  24.  Pursuant to the Petition filed by the Debtor with the Michigan Tax Tribunal, the Debtor claims the taxable value of the Property is $3,237,500. A copy of the Petition is attached hereto as Exhibit D.

25. By the Debtor's own admission, therefore, the Debtor has no equity in the Property.

26. The Property is not necessary for an effective reorganization because a successful reorganization is unlikely. There is no indication that the Debtor will receive sufficient income to fund a Chapter 11 plan.

27. It would be unfair and inequitable for this Court to continue the Stay considering the facts and circumstances of this case.

28. The Treasurer has sought consent for relief from the Automatic Stay from Debtor's Counsel on July 8, 2010. However, the request was denied.

**WHEREFORE**, The Treasurer prays that this Honorable Court vacate the Automatic Stay, allowing the Treasurer to pursue remedies of collection pursuant to applicable state law and grant such other and further relief as this Court deems just and equitable.

<div style="margin-left:auto;">

Respectfully Submitted,
**KILPATRICK & ASSOCIATES, P.C.**
Attorney for Creditor, Wayne County Treasurer


/S/     *Leonora K. Baughman*
LEONORA K. BAUGHMAN (P33534)
615 Griswold, Suite 1004
Detroit, MI 48226
(313) 963-2581
    ecf@kaalaw.com

</div>

Dated: July 9, 2010

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION – DETROIT**

IN THE MATTER OF:

TRENTON LAND HOLDINGS, LLC,           Case No. 10-60990-TJT
                                                           Honorable THOMAS J. TUCKER
       Debtor.                                       Chapter 11

1491 West Jefferson Avenue
Trenton, MI 48183
16-1658901
_____/

**ORDER VACATING THE AUTOMATIC STAY
AS TO THE WAYNE COUNTY TREASURER**

This matter having come before the Court on the Wayne County Treasurer's ("Treasurer") Motion to Vacate the Automatic Stay; all parties in interest having been served a copy of said Motion, proposed Order Vacating the Automatic Stay, Brief in Support, Notice of the Motion and a Proof of Service; No objections having been filed and if filed having been resolved or overruled; said Creditor having a validly perfected security interest in the premises located at 1491 West Jefferson Avenue, Trenton, Michigan ("Property") pursuant to State law and a claim for unpaid post-petition real property taxes in the amount of Three Million Seven Hundred Ninety One Thousand Four Hundred Sixty Two and 80/100 Dollars ($3,791,462.80) for the tax years of 2005, 2006, 2007, 2008 and 2009; said Property having an estimated value of Three Million Two Hundred Thirty Seven Thousand Five Hundred and 00/100 Dollars ($3,237,500.00) and being subject to a mortgage held by Sapir Group LLC, Deneb Investments, LLC and Mellissande Limited, with possible liens held by the Michigan Department of Environmental Quality and the U.S. Environmental Protection Agency; and the Court being fully advised in the premises:

**IT IS ORDERED** that the Automatic Stay shall be and is hereby vacated as to the Treasurer as a result of the effect of 11 U.S.C. § 362(d) and the Treasurer can take any and all actions available under applicable state laws to collect its debt(s).

**IT IS FURTHER ORDERED** that in the event the Treasurer receives proceeds in excess of the amount of the claims due to the Treasurer plus attorney fees and costs, the Treasurer shall turn the surplus over to the Debtor.

<div style="text-align:center">

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION – DETROIT**

</div>

IN THE MATTER OF:

TRENTON LAND HOLDINGS, LLC,   Case No. 10-60990-TJT
                              Honorable THOMAS J. TUCKER
   Debtor.                   Chapter 11

1491 West Jefferson Avenue
Trenton, MI 48183
XXX-XX-16-1658901
_____/

<div style="text-align:center">

**NOTICE OF MOTION TO VACATE THE AUTOMATIC STAY**
**AS TO THE WAYNE COUNTY TREASURER**

</div>

The Wayne County Treasurer, has filed a Motion to Vacate the Automatic Stay with the United States Bankruptcy Court, Eastern District of Michigan, Southern Division – Detroit.

A complete copy of the Motion is on file with the Clerk of the Court at the U.S. Bankruptcy Court located at 211 W. Fort St., Ste 2100, Detroit, Michigan 48226.

**Your rights may be affected.** **You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)**

If you do not want the Court to vacate the Automatic Stay, or if you want the Court to consider your views on the Motion, then on or before <u>14 days from date of service</u>, you or your attorney must:

1. File with the Court a written response or an Answer, explaining your position at: United States Bankruptcy Court, 211 W. Fort St., Ste. 2100, Detroit, MI 48226.

If you mail your response or Answer to the Court for filing, you must mail it early enough so the Court will **receive** it on or before the date stated above.

You must also mail a copy to:

Richardo I. Kilpatrick, Kilpatrick & Associates, P.C., 903 N. Opdyke Road, Suite C, Auburn Hills, Michigan 48326.

Trenton Land Holdings, LLC, Debtor, 1491 West Jefferson Avenue, Trenton, MI 48183

Karin F. Avery, Debtor's Attorney, 7115 Orchard Lake Road, Suite 500, West Bloomfield, MI 48322

2. If a response or Answer is timely filed and served, the Clerk of the Court will schedule a Hearing on the Motion and will serve you with notice of the date, time and location of the Hearing.

**If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought in the Motion and may enter an Order granting that relief.**

                                            Respectfully Submitted,
                                            KILPATRICK & ASSOCIATES, P.C.
                                            Attorneys for Creditor, Wayne County Treasurer
                                            **/S/** *LEONORA K. BAUGHMAN*
                                            LEONORA K. BAUGHMAN (P33534)
                                            615 Griswold, Suite 1004
                                            Detroit, MI 48226
                                            (313) 963-2581
Dated: July _____, 2010                     ecf@kaalaw.com

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION – DETROIT**

**IN THE MATTER OF:**

TRENTON LAND HOLDINGS, LLC,            Case No. 10-60990-TJT
                                                        Honorable THOMAS J. TUCKER
        Debtor.                                                Chapter 11

1491 West Jefferson Avenue
Trenton, MI 48183
16-1658901
_____/

## BRIEF IN SUPPORT OF MOTION TO VACATE THE AUTOMATIC STAY AS TO THE WAYNE COUNTY TREASURER

### FACTS

The Debtor filed a voluntary petition for relief on or about June 29, 2010, under Chapter 11 of Title 11, the United States Bankruptcy Code. The Debtor's Estate includes real property located at 1491 West Jefferson Avenue, Trenton, Michigan ("Property").

The Debtor has continually failed to pay delinquent taxes to the Wayne County Treasurer ("Treasurer") and failed to abide by previous agreements for the payment of taxes. As of June 18, 2008, the Debtor entered into a Settlement Agreement with the Wayne County Treasurer to pay $790,200.26 for taxes due for 2005 and prior years on the Property. The Debtor paid the initial $150,000 provided for in the Settlement Agreement, but failed to pay all further taxes due and owing. Due to the Debtor's failure to pay the past due taxes, the Treasurer included the Property in the Petition for Foreclosure dated June 15, 2009 and filed with the Wayne County Circuit Court, Case No. 09-014685-PZ. As of June 15, 2009, the Debtor owed to the Treasurer the delinquent taxes for the 2005, 2006, and 2007 tax years in the amount of $1,229,647.93 pursuant to the Petition for Foreclosure. As of June 15, 2009, the Debtor also owed the

Treasurer for the delinquent taxes for 2008 for the Property, which were not eligible for foreclosure.

As of July 2, 2010, the total amount of unpaid real property taxes currently due and owing on the Property is approximately Three Million Seven Hundred Ninety One Thousand Four Hundred Sixty Two and 80/100 Dollars ($3,791,462.80) for the tax years of 2005, 2006, 2007, 2008 and 2009. The Debtor has repeatedly promised to make payments for the delinquent taxes on the Property but has failed to do so and in fact, claims an inability to make payments pursuant to the Objection to Judicial Foreclosure filed by the Debtor in the Wayne County Circuit Court Case on February 5, 2010.

## **ARGUMENT**

11 U.S.C. § 362(a) prohibits creditors from taking any action to enforce liens or collect claims against the Debtor upon the filing of the Debtor's Chapter 11 Petition. The Stay continues in effect until the case is closed or dismissed or, in the case of property, until the property is no longer property of the estate.

The Code also provides, however, that a creditor may be granted relief from the Stay for cause. 11 U.S.C.§ 362(d)(1). Although the example given in the Code for "cause" is lack of adequate protection of an interest in property, the term "cause" is not limited to lack of adequate protection and may exist whenever the Stay harms the creditor and vacating the Stay will not unjustly harm the Debtor or other creditors. *In re Chirillo*, 84 B.R. 120 (Bankr. N.D. Ill. 1988). The decision to vacate the Stay, however, is a matter for the discretion of the Bankruptcy Judge. *In re White*, 851 F.2d 170 (6th Cir. 1988); *In re Moralez*, 128 B.R. 526 (Bankr. E.D. Mich. 1991). The decision is made on a case by case basis, by examining such factors as whether relief

from the Stay will affect the administration of the estate and by balancing the harm to the parties. *Moralez*, supra.

The Debtor's primary, if not sole, reason for filing the petition was to halt the foreclosure action by the Treasurer. Since the filing of the Debtor's case, the Debtor has failed to provide for the payment of adequate protection payments while it continues to remove buildings on the Property. When a taxpayer fails to pay property taxes, Michigan law permits the taxing authority (in this instance, the Treasurer) to foreclose on the taxpayer's property in order to satisfy its claims. The Treasurer filed the foreclosure action, which was halted by the Automatic Stay days before the Treasurer could have obtained judgment. If the Treasurer is not permitted to obtain judgment of foreclosure in state court, the Debtor is allowed to avoid the consequence of losing the Property for non-payment of taxes which changes the purpose of the Automatic Stay into a means of delaying payment of this obligation instead of the shield that it was intended to be.

"Cause", as set forth in Section 362(d)(1), includes the determination that a bankruptcy case was filed in bad faith. *In re Laguna Associates Limited Partnership*, 30 F.3d 734, 737 (6th Cir. 1994). The Sixth Circuit Court of Appeals has found the following factors meaningful in a determination of whether an organizational debtor has filed a Chapter 11 case in bad faith:

a. The debtor has one asset;

b. The pre-petition conduct of the debtor has been improper;

c. There are only a few unsecured creditors;

d. The debtor's property has been posted for foreclosure, and the debtor has been unsuccessful in defending against the foreclosure in state court;

e. The debtor and one creditor have proceeded to a standstill in state court litigation, and the debtor has lost or has been required to post a bond which it cannot afford;

      f.      The filing of the petition effectively allows the debtor to evade court orders;

      g.      The debtor has no ongoing business or employees; and

      h.      The lack of possibility of reorganization.

*Laguna*, 30 F.3d at 738.

Further narrowing the bad faith analysis to single asset real estate cases, as defined by 11 U.S.C. § 101(51B), the Eleventh Circuit Court of Appeals has determined the following factors are relevant to a finding of bad faith:

> (1) the debtor has only one asset, the property at issue;
>
> (2) the debtor has few unsecured creditors whose claims are relatively small compared to the claims of the secured creditors;
>
> (3) the debtor has few employees;
>
> (4) the property is subject to a foreclosure action as a result of arrearages on the debt;
>
> (5) the debtor's financial problems essentially are a dispute between the debtor and the secured creditors which can be resolved in the pending state court action; and
>
> (6) the timing of the debtor's filing evidences an intent to delay or frustrate the legitimate efforts of the debtor's secured creditors to enforce their rights.
>
> *In re State St. Houses, Inc.*, 356 F.3D 1345, 1346-1347 (11 Cir. 2004); citing *In re Phoenix Piccadilly, Ltd.*, 849 F.2d 1393, 1394 (11th Cir. 1988).

Courts, therefore, have looked unfavorably on debtors who seek the protections of the automatic stay for the sole purpose of delaying foreclosure on a single asset.

An analysis of the majority of the factors established by the Sixth and Eleventh Circuits indicate that the Debtor has filed the case in bad faith:

      a.      The Debtor appears to have only one asset: the Property.

      b.      The Debtor's List of 20 Largest Unsecured Creditors indicates that there are *no* unsecured creditors in this case.

- c. The Property was scheduled for hearing on foreclosure a few days after the case was filed based on the Debtor's failure to make payments to the Treasurer.

- d. The Debtor was able to proffer no defense to the foreclosure action other than financial hardship.

- e. The filing of the bankruptcy case and the imposition of the automatic stay allows the Debtor to evade the foreclosure of the Property.

- f. The Debtor has little or no ability to reorganize. The Debtor is past due to the Treasurer for the 2005, 2006, 2007, 2008 and 2009 taxes.

Because this case appears to involve a single asset with only secured creditors, the dispute properly belongs in state court. The automatic stay in this case is merely a mechanism to delay the inevitable foreclosure.

"Cause" also exists to vacate the automatic stay based on the failure of the Debtor to afford the Treasurer adequate protection of its interest in the Property. At the time of the filing of the Debtor's case, Debtor had failed to make payment to the Treasurer for the 2005, 2006, 2007, 2008 and 2009 taxes. The Treasurer was days away from the Order of Foreclosure however the filing of this case and the automatic stay caused the sale to be stayed.

11 U.S.C. § 362(d)(2) also provides ground for relief from the automatic stay because the Debtor does not have equity in the Property and the Property is not necessary for an effective reorganization. At the time the bankruptcy case was filed, the Debtor owed the Treasurer the amount of $3,791,462.80 plus interest accruing at the rate of 18% per annum on the 2005 through 2008 taxes and 12% per annum on the 2009 taxes. The Debtor's Petition in the Michigan Tax Tribunal indicates that the Property has a value of

$3,237,500.00. By the Debtor's own admission, therefore, the Debtor has no equity in the Property.

The Property is not necessary for an effective reorganization because a successful reorganization is unlikely. Accordingly, because a confirmable Chapter 11 plan is not possible, the Property is not necessary for an effective reorganization.

In conclusion, Creditor, the Treasurer, Wayne County Treasurer, states that vacating the Automatic Stay in this case will not unjustly harm the Debtor, but the continued presence of the Automatic Stay will harm the Treasurer. Therefore, for the reasons stated herein, the Treasurer, requests that this Court vacate the Automatic Stay as it relates to theTreasurer.

       Respectfully Submitted,

       **KILPATRICK & ASSOCIATES, P.C.**
       Attorney for Creditor, Wayne County Treasurer

       /S/ *LEONORA K.BAUGHMAN*
       LEONORA K. BAUGHMAN (P33534)
       615 Griswold, Suite 1004
       Detroit, MI 48226
       (313) 963-2581
       ecf@kaalaw.com

Dated: July 9, 2010

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION – DETROIT

IN THE MATTER OF:

TRENTON LAND HOLDINGS, LLC,                     Case No. 10-60990-TJT
                                                Honorable THOMAS J. TUCKER
    Debtor.                                     Chapter 11

1491 West Jefferson Avenue
Trenton, MI 48183
16-1658901
_____/

## PROOF OF SERVICE

    **SHAMIKA SMITH** states that on the 9th day of July, 2010, she served a copy of the MOTION TO VACATE THE AUTOMATIC STAY AS TO THE WAYNE COUNTY TREASURER, PROPOSED ORDER, BRIEF IN SUPPORT OF MOTION, NOTICE and this PROOF OF SERVICE upon the following parties with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

Karin F. Avery                              avery@silvermanmorris.com

Office of the U.S. Trustee                  via ecf e-mail

And by depositing same in a United States postal box located in Auburn Hills, Michigan, with the lawful amount of postage affixed thereto and addressed to:

| | |
|---|---|
| Trenton Land Holdings, LLC<br>1491 West Jefferson Avenue<br>Trenton, MI 48183 | Sapir Group LLC<br>c/o The Sapir Organization<br>Attn: Richard L'Altrelli<br>384 Fifth Avenue<br>New York, NY 10018 |
| Deneb Investments, LLC<br>c/o Gregory L. Wysocki<br>Kotz Sangster Wysocki &<br>Berg, P.C.<br>400 Renaissance Center-Suite 2555<br>Detroit, MI 48243 | Mellissande Limited<br>38505 Woodward Avenue<br>Suite 2000<br>Bloomfield Hills, MI 48304 |
| Michigan Dept. of Enviromental<br>Quality<br>525 W. Allegan Street<br>Lansing, MI 48909 | U.S. Environmental Protection Agency<br>Region Five<br>77 W. Jackson Blvd.<br>Chicago, IL 60604 |

                                              /S/ SHAMIKA SMITH
                                              **SHAMIKA SMITH**, an employee of
                                              KILPATRICK & ASSOCIATES, P.C.
                                              615 Griswold, Suite 1004
                                              Detroit, MI 48226
                                              (313) 963-2581
                                              ecf@kaalaw.com