**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| TRENTON LAND HOLDINGS, LLC, | Case No. 10-60990-TJT |
| Debtor in Possession. | Hon. Thomas J. Tucker |
| Tax Identification No. 16-1658901 | |
| _____/ | |

**MOTION TO DISMISS CASE**
**PURSUANT TO 11 U.S.C. § 1112 AND FOR RELATED RELIEF**

**NOW COMES** Trenton Land Holdings, LLC ("Trenton Land"), Debtor in Possession, by its counsel, Silverman & Morris, P.L.L.C., and as and for its motion to dismiss case and for related relief, states as follows:

1. An Order is attached hereto as Exhibit "1".

2. This case was initiated by a Voluntary Petition dated June 29, 2010.

3. At all times, Trenton Land has been a Debtor in Possession.

4. The assets of the Debtor consist of approximately 195 acres located in Trenton, Michigan (the "Property"), which Property may be environmentally contaminated. The Property has unique value in light of the presence of certain buildings and equipment (owned by third parties), rail access and a deep water port.

5. The Debtor has no trade creditors. Other than "insiders", its creditors are (i) the City of Trenton, Michigan, and Wayne County, Michigan for real estate taxes, (ii) two secured (or partially under-secured) lien creditors, and (iii) potential claims of the Michigan Department of Environmental Quality and U.S. Environmental Protection Agency.

6. With the sole exception of the Wayne County Treasurer, no creditor has participated in this Chapter 11 proceeding in any respect.

7. The bankruptcy petition was filed in part to prevent the forfeiture of the Property to Wayne County, Michigan, on account of unpaid real estate taxes.

8. During the pendency of this case, the Debtor has not had its own cash flow. Essential operating expenses (maintenance of wastewater treatment) and payments to the Wayne County Treasurer have been paid directly by the "insiders" of the Debtor.

9. Cause exists for dismissal of this case pursuant to 11 U.S.C. § 1112(b)(1), including, but not limited to:

(a) The Debtor has reached an agreement with the Wayne County Treasurer for payment on account of real estate tax arrearages and dismissal of this case;

(b) The Debtor may not presently be able to formulate a plan of reorganization that would deal with all existing claims;

(c) Conversion of this case to a Chapter 7 bankruptcy proceeding would inevitably lead to abandonment of the Property by the Chapter 7 trustee and potential exposure of the Chapter 7 Trustee with respect to environmental liability. It would also likely lead to additional contamination of the Property, due to the inability of a Chapter 7 Trustee to maintain the wastewater treatment currently being provided by the Debtor and its "insiders";

(d) Conversion of the case to a Chapter 7 is likely to lead to forfeiture and foreclosure of the Property by Wayne County, thus causing Wayne County to take title to contaminated property; and

(e) In the alternative, failure to dismiss the case will result in the Debtor remaining in Chapter 11 under the jurisdiction of this Court for a protracted period of time, unnecessarily incurring administrative expenses.

10. The dismissal of this case pursuant to 11 U.S.C. § 1112 is in the best interest of creditors for reasons including, but not limited to:

    (a) The reasons set forth in Paragraph 9 above are incorporated herein;

    (b) The rights and potential remedies of all other creditors will be preserved in the event of dismissal. Absent dismissal, and in the event of conversion, it is unlikely that any creditors other than Wayne County will realize a recovery. Dismissal preserves such creditor's rights while enhancing the likelihood that the taxes will be paid in full, foreclosure voided, and value retained.

11. Upon dismissal, further supervision of the estate is unnecessary. In light of the absence of cash available to the Debtor, any fees of the Debtor's counsel will be paid by non-debtor "insiders". No other creditors of the Debtor will be impacted by such compensation. Accordingly the order dismissing the case should affirmatively dispense with the obligation of counsel to file a fee application under 11 U.S.C. § 330, without prejudice to counsel's rights to be paid for its services rendered.

**WHEREFORE**, Trenton Land Holdings, LLC, respectfully requests that this Court enter the proposed order dismissing this case, dispensing with any obligation of counsel to apply to this Court for approval of compensation, and granting further relief as this Court deems just.

        **SILVERMAN & MORRIS, P.L.L.C.**

        By: /s/ Karin F. Avery
        Geoffrey L. Silverman (P34011)
        Karin F. Avery (P45364)
        Attorneys for Debtor in Possession
        7115 Orchard Lake Road, Suite 500
        West Bloomfield, Michigan 48322
        silverman@silvermanmorris.com
        avery@silvermanmorris.com

Dated: August 31, 2011        Tel: (248) 539-1330; Fax (248) 539-1355