UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN

IN RE

TRENTON LAND HOLDINGS, LLC,

    Debtor.
                                        /

Case No. 10-60990-tjt
Chapter 11 Filed: 06/29/10
Honorable Thomas J. Tucker
U.S. Bankruptcy Judge

## OBJECTION TO DEBTOR'S MOTION TO DISMISS AND REQUEST TO CONVERT CASE TO CHAPTER 7

Now comes Riverview-Trenton Railroad Company ("Riverview"), by its attorneys Miller Johnson, and as its Objection to Debtor's Motion to Dismiss and its Request to Convert Case to Chapter 7, states as follows:

1. Debtor filed a voluntary petition under Chapter 11 of the United States Bankruptcy Code on June 29, 2010.

2. Riverview filed a claim in Debtor's case in the amount of $152,079.00 on October 26, 2010. Riverview's claim has been designated as Claim 6-1 in the Court's claims docket.

3. In response to paragraph 3 of Debtor's Motion, Riverview admits that at all times, Debtor has been a debtor-in-possession.

4. In response to paragraph 4 of Debtor's Motion, Riverview admits that the assets of the Debtor consist of approximately 195 acres located in Trenton, Michigan, which property may be environmentally contaminated. Riverview further admits that the property has unique value in light of the presence of certain buildings and equipment, rail access and a deep water port. Upon information and belief, Riverview denies that the buildings and equipment located on the Debtor's property are owned by third parties.

In further answer to paragraph 4 of Debtor's Motion, Riverview states as follows:

  a. A representative of Riverview was present at the Debtor's first meeting of creditors and questioned Debtor's principal. In response to Riverview's questions, Debtor's principal asserted that Detroit Steel Company owned the buildings and equipment located on Debtor's property. Debtor's principal testified that Detroit Steel Company is performing "scrapping" operations on Debtor's property. However, both Debtor's principal and the Debtor's attorney claim to be unaware of any leases between the Debtor and Detroit Steel Company.

  b. Debtor's principal further confirmed that the Debtor and Detroit Steel share common ownership.

  c. In spite of a request by Riverview's representative and the United States Trustee, no leases for the land, building or equipment have been produced.

  d. Since the first meeting of creditors, Debtor has failed to produce any evidence that the buildings and equipment located on Debtor's property is owned by anyone other than the Debtor.

5. Riverview lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 5 Debtor's Motion and leaves Debtor to its proof of the same.

6. Riverview denies the allegation in paragraph 6 of Debtor's Motion as Riverview has participated in the Chapter 11 proceeding by appearing at the first meeting of creditors, questioning the Debtor's principal and filing a proof of claim in this case.

7. Riverview lacks knowledge or information sufficient to form a belief about the truth of the allegations asserted in paragraph 7 of Debtor's Motion and leaves Debtor to its proof of the same.

8. Riverview lacks knowledge or information sufficient to form a belief about the truth of the allegations asserted in paragraph 8 of Debtor's Motion and leaves Debtor to its proof of the same.

9. In response to paragraph 9 of Debtor's Motion, Riverview denies that cause exists for dismissal of this case pursuant to 11 U.S.C. § 1112(b)(1).

In further response to paragraph 9, Riverview asserts that cause exists to convert Debtor's case to a case under Chapter 7 of the Bankruptcy Code pursuant to 11 U.S.C. § 1112(b)(1) and (4). Upon information and belief, conversion of the case is necessary and appropriate due to:

    a. Debtor's gross mismanagement of the estate, (upon information and belief, Debtor is allowing Detroit Steel Corporation ("DSC") or some other entity to use its property to generate income without receiving compensation therefore);

    b. Debtor's failure to maintain appropriate insurance that poses a risk to the estate and/or to the public;

    c. Debtor's unauthorized use of estate property;

    d. Debtor's failure to disclose property of the estate and/or income being generated by the estate's properties (upon information and belief, after causing Debtor to file this case to avoid a tax line foreclosure, Debtor's principal improperly and fraudulently concealed the fact that Debtor is receiving, or is entitled to receive, income from business operations on its property. Among other things, this is supported by the fact that Debtor has

failed to provide proof that the building and equipment located on Debtor's property is owned by a third party, Debtor has failed to produce leases for its property as requested at the first meeting of creditors and it has failed to report any income during the Chapter 11 Proceeding. Under these circumstances, Riverview believes any income generated by the business operations on Debtor's property is being improperly retained by DSC, or another company owned by Debtor's principal, thereby benefitting Debtor's principal to the detriment of Debtor's creditors); and

        e.      Debtor's failure to timely provide information concerning leases between itself and third parties, including Detroit Steel Corporation, or confirm that no such leases exist.

In further answer to paragraph 9, Riverview denies that conversion of this case to Chapter 7 would <u>inevitably</u> lead to abandonment of the property by the Chapter 7 Trustee.

Riverview further denies that conversion of the case to Chapter 7 is likely to lead to forfeiture and foreclosure of the property by Wayne County.

10.    Riverview denies that dismissal of this case pursuant to 11 U.S.C. § 1112 is in the best interest of the creditors and asserts that conversion of this case to Chapter 7 is in the best interest of creditors for the following reasons:

        a.      Conversion to Chapter 7 will preserve any Chapter 5 causes of action for the benefit of the general unsecured creditors of this estate.

        b.      Conversion to Chapter 7 will allow a bankruptcy trustee to investigate the actions of the Debtor, determine what properties are owned by the Debtor, investigate the sale of those properties for the benefit of creditors and pursue possible claims against third parties for rent and/or the use of Debtor's property without compensation.

    c. Dismissal of the case would effectively allow Debtor's principal to fraudulently retain the proceeds from all business operations being conducted on Debtor's property to the detriment of Debtor's creditors.

  11. Riverview denies the allegations set forth in paragraph 11 of Debtor's Motion and asserts that dismissal of this case will prejudice general creditors for the reasons described above.

  WHEREFORE, Riverview-Trenton Railroad Company respectfully requests that this Court:

  A. Deny Debtor's Motion to dismiss this Chapter 11 case;

  B. Convert Debtor's Chapter 11 case to a case under Chapter 7 of the United States Bankruptcy Court for cause as described in this Objection; and

  C. Grant such other and further relief as this Court may deem just, equitable and proper.

          Miller Johnson
         Attorneys for Riverview-Trenton Railroad Company

Dated: September 21, 2011    By: /s/ John T. Piggins
          John T. Piggins (P34495)
          pigginsj@millerjohnson.com
          Business Address:
          250 Monroe Avenue, NW, Suite 800
          P.O. Box 306
          Grand Rapids, MI 49501-0306
          (616) 831-1700